IN THE UNITED STATES DISTRICT COURT FILED

FOR THE DISTRICT OF NEW MEXICO

98 NOV -2 PM 3:38

RICHARD N. CORROW,

    Movant-Defendant,

vs.                                CIVIL NO. 98-537 JP/DJS
                                  Criminal No. 95-637 JP

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant was convicted after a jury trial which followed his indictment on charges that he trafficked in Native American cultural items and possessed bird feathers protected by the Migratory Bird Treaty Act. The

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



convictions produced two concurrent sentences of five years probation, along with period of community service of 100 hours. Movant appealed the convictions to the Tenth Circuit Court of Appeals, alleging that the Native American Graves Protection and Repatriation Act, 25 U.S.C §3001-3013, was unconstitutional as applied to him, that his conviction under the Migratory Bird Act required proof that he knew the feathers were protected, and finally that there was insufficient evidence to support his conviction. These claims were rejected by the Court as reported in <u>United States v. Corrow</u>, 119 F.3d 796 (10th Cir. 1997) <u>cert. denied</u>, 118 S.Ct. 1089 (1998). Movant pursued relief by filing a Petition for Writ of *Certiorari* with the United States Supreme Court, which petition was denied on February 23, 1998. The instant motion was filed on May 6, 1998.

2. Movant seeks relief on two grounds.[2] He alleges that he was denied the effective assistance of counsel and that his

---

[2]Movant suggests by an addendum to his Motion that he is entitled to the return of certain property that formed the basis of his conviction. 28 U.S.C. §2255 permits an attack on a sentence that was imposed in violation of the Constitution or law of the United States, or by a court that was without jurisdiction to impose such a sentence, or when a sentence was in excess of the maximum authorized by law, or is otherwise subject collateral attack. The issue of return of property does not implicate a criminal sentence, constitutional or otherwise. Thus this Court is without jurisdiction in this proceeding to consider Movant's request.

conviction under the Migratory Bird Treaty Act subjected him to a violation of the *ex post facto* clause of the Constitution. To vindicate these claims Movant asks that the court give him an evidentiary hearing. Movant is not entitled to an evidentiary hearing on the issue of ineffective assistance of counsel because he has failed to indicate any specific instance where his counsel's performance was ineffective. See <u>Wiggins v. Lockhart</u>, 825 F.2d 1237, 1238 (8th Cir. 1987), <u>cert. denied</u> 484 U.S. 1074 (1988) (*Habeas* petitioner must allege sufficient facts to establish a constitutional claim in order to be entitled to an evidentiary hearing). Nor is he entitled to such a hearing on his *ex post facto* claim, since that matter relates strictly to legal issues. Further, a district court need not conduct an evidentiary hearing if motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2255.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

3. Movant alleges his counsel failed him in a number of respects. First, he asserts that his trial counsel was ineffective because he "intimidated" Movant into not taking the stand in his own defense. Movant concludes that this action prevented him from giving the jury the full background of the case along with a full disclosure of the facts of the case. Second, Movant faults counsel

3

for failing to call witnesses, including a cooperating witness who could furnish exculpatory information supporting Movant's claim of innocence. Third, Movant claims that his counsel was inexperienced and as a result he was denied a fair trial. Lastly, Movant asserts that he was assigned counsel without the opportunity to interview and otherwise determine the competence of the person assigned. Movant says that only after counsel was assigned did he learn that counsel had no experience outside the criminal law.[3]

4. To succeed on a claim that counsel was constitutionally ineffective a *habeas* petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense". Strickland v. Washington 466 U.S. 668,687 (1984). To show prejudice Movant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Movant faults counsel because Movant did not testify, but offers nothing to show that his right to testify was violated or that a evidentiary hearing is necessary. In short, the conclusory allegations in the motion make

---

[3]Movant argues that this inexperience rendered counsel ineffective, although it is difficult to fathom how. Movant says that he learned that assigned counsel had no experience outside the criminal law. (Emphasis supplied) Logic leads one to conclude that criminal law experience would be most welcome in a criminal trial, rather than, for example, patent law experience.

4

it clear that Movant cannot satisfy the prejudice prong of Strickland, *supra*. Movant does not say how his testimony would have changed the result of the trial, nor does he offer any explanation of what that testimony would have been, or how it would have contradicted the evidence presented against him.

5. Movant's second challenge to his counsel's performance must also fail. Movant asserts that counsel failed to call certain witnesses, thus prejudicing his chances for acquittal. By such a challenge Movant is faulting counsel for his tactical decisions. The decision of which witnesses to call is within trial counsel's discretion. See, Minner v. Kerby, 30 F.3d 1311, 1317 (10th Cir. 1994). When challenged, deference must be afforded to counsel's tactical decisions. Osborne v. Shillinger, 861 F.2d 612, 625 (10th Cir. 1988). Indeed, "tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance of counsel." See, United States v. Oliveras, 717 F.2d 1, 3 (1st Cir. 1983). Further, Movant has failed to show that his trial was rendered unfair or that his defense was prejudiced by counsel's alleged failure to call the witnesses whom he asserts would have testified in his favor. See United States v. Lane, 926 F.2d 694, 701 (7th Cir. 1991), cert. denied 502 U.S. 1116 (1992) (A *habeas* court cannot begin to apply Strickland's standards

5

to a "missing witness" claim unless the petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been); Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995), cert. denied, 516 U.S. 1062 (1996)(Burden of proof in a *habeas* proceeding is upon the petitioner to show by a preponderance of evidence that he is entitled to relief).

6. Movant alleges that his counsel was ineffective because of his inexperience, but again reveals no instance wherein this alleged inexperience affected the outcome of the trial. The record reflects that counsel mounted a vigorous defense, one which comports with the defense Movant suggests in the instant motion. There is a strong presumption that counsel's actions constitute reasonable professional assistance of counsel. Strickland, 466 U.S. at 689. To act on Movant's bare bones assertion of inexperience in the face of the record is to disregard that legal principle.

7. Movant further complains that he was not permitted to interview his appointed counsel to determine that lawyer's competence to represent him. The short answer to that complaint is that the Sixth Amendment guarantees a criminal defendant a right to counsel; however, that right does not imply an absolute right to the counsel of one's choice. United States v. Gipson, 693 F.2d 109, 111 (10th Cir. 1982), cert denied, 459 U.S. 1216 (1983).

## EX POST FACTO CLAUSE

8. Movant alleges that the feathers which served to support his conviction under the Migratory Bird Treaty Act (the Treaty) were older than the Treaty and thus his conviction violated Article 1, Section 9 of the Constitution. This claim is infirm for at least two reasons. First, in <u>Andrus v. Allard</u>, 444 U.S. 51, 63 (1979), the Supreme Court interpreted the Treaty and its enabling regulations so as to permit a prosecution based on artifacts acquired before the enactment of the Treaty.

9. Secondly, Movant has procedurally defaulted this claim. It is clear that a collateral challenge to a conviction may not be substituted for a direct appeal. <u>See</u>, <u>United States v. Addonizio</u>, 442 U.S. 178, 184-85 (1979). A movant who failed to present an issue on direct appeal is barred from doing so in a §2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. <u>See</u>, <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>United States v. Allen</u>, 16 F.3d 377, 378 (10th Cir. 1994). Neither showing is made here, and as a consequence Movant is not entitled to relief on his *ex post facto* claim pursuant to §2255.

**RECOMMENDED DISPOSITION:**

That the Motion be denied and this matter be dismissed with prejudice.

```
                                    _____
                                    DON J. SVET
                                    UNITED STATES MAGISTRATE JUDGE
```